# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| YU HIN CHAN, | CIVIL CASE NO. 25-00037 |
| Plaintiff, | |
| vs. | ORDER |
| KAREN MAY BACDAYAN, KEVIN C. MCCLANAHAN, CARMEN A. PACHECO, DAWN HILL-KEARSE, WAVNY TOUSSAINT, and REMAX, | |
| Defendants. | |

This matter is before the court on Plaintiff Yu Hin Chan's Application to Proceed Without Prepaying Fees or Costs (the "Application to Waive Fees"). *See* ECF No. 2. The Application to Waive Fees is **GRANTED** but the case is **DISMISSED** with leave to amend.

## I. Application to Waive Fees

Plaintiff is proceeding in this action *pro se*, without an attorney, and has requested to proceed without paying the required filing fee. Section 1915(a)(1) permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Under this statute, federal courts can authorize the filing of a lawsuit without

1

prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security.

The court has reviewed Plaintiff's Application to Waive Fees, where he reports he has $1,000.00 monthly income but with $1,050.00 monthly expenses and $20.00 in the bank. ECF No. 2 at ¶¶ 2, 4, 6. Plaintiff further claims to owe $114,650.00 in court judgment. *Id.* at ¶ 8. While it appears that Plaintiff has demonstrated that he does not have the resources to pay the filing fees, this does not end the court's inquiry. The court must still subject the Complaint to mandatory screening before allowing the case to move forward and issue summons, requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

## II. Screening Complaint

Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). "A complaint is frivolous within the meaning of § 1915(d) if it lacks an arguable basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

When screening a complaint, the court is mindful that allegations of a *pro se* complaint are held to less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

2

Case 1:25-cv-00037   Document 3   Filed 10/20/25   Page 2 of 4

pleadings drafted by lawyers.") (internal quotation marks and citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The Complaint requires Plaintiff to provide a "short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must engage in a two-step procedure to determine the plausibility of a claim. *Id*. at 678-79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id*. at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id*. at 679. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In the Complaint, Plaintiff wrote a total of four sentences: "(1) "The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner claimed in his sworn affidavit," (2) "All defendants conspired together and deprived Plaintiff of due process," (3) "This Court has jurisdiction under the RICO Act[,]" and (4) "Plaintiff demands $1 Billion against all Defendants." ECF No. 1. From this scant information, the court is unable to determine the cause(s) of action against each defendant. The claim that "[a]ll defendants conspired together and deprived Plaintiff of due process," without anything more, is conclusory. Plaintiff needs to

state his claim with sufficient facts on as to how each defendant "conspired together" to "deprive Plaintiff of due process" and under which section of the RICO Act did each defendant violate (this is based on Plaintiff's statement that the court has jurisdiction under the RICO Act).

### III. Leave to Amend

When dismissing a complaint, a court should normally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). *See also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile [.]"

Given that Plaintiff is proceeding *pro se*, the court will allow Plaintiff to file an amended complaint no later than thirty (30) days from the date of this Order. If Plaintiff fails to file an amended complaint in compliance with this Order, this action may be dismissed with prejudice and without further notice.

### IV. Conclusion

For the reasons stated above, the Application to Waive Fees is **GRANTED** but the case is **DISMISSED** with leave to amend.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Oct 20, 2025**